Comstock vs. Ludington.

## COMSTOCK vs. LUDINGTON. (Two Cases.)

PLEADING: *Complaint construed.*

In an action against a single defendant, by the grantee in a tax deed of a single tract of land, based upon a tax sale in 1869, a tabular statement annexed to and made a part of the complaint sets out the dates of the sales of said tract for taxes in 1871 and several following years, with the amount for which it was sold in each of said years, the dates of redemption, and the name of the owner at the time of each of said sales; but does not show any fact in regard to the sale of 1869. The complaint avers that said tabular statement shows "the names of the former owners of each separate tract or parcel of land, at the time of the sale of the lands aforesaid for said delinquent taxes, and the name of each and every person claiming under such former owners, so far as the plaintiff can ascertain the same;" and that "all the defendants herein whose names appear against each separate tract or parcel of land have or claim some interest in such separate tract of land, and that the said defendants are the only persons who claim any interest in said land adverse to that of the plaintiff." *Held*, that this is not equivalent to an averment that when the action was commenced defendant had or claimed an interest in the land, under the owner at the time of the tax sale; and that, in the absence of such an averment, the complaint does not state a cause of action against the defendant, under ch. 22 of 1859.

APPEAL from the Circuit Court for *Oconto* County.

The defendant in each of these two cases appealed from a judgment in favor of the plaintiff, taken in default of an answer. The substance of the complaint in each case will sufficiently appear from the opinion.

The appeals were submitted for the appellant on the brief of *E. Mariner.*

*W. H. Webster,* for the respondent.

Cole, J.   We quite agree with the counsel for the appellant that the complaint in neither of the above cases states a cause of action under the statute.   The action in each case is brought upon a tax deed, under the provisions of ch. 22, Laws of 1859, for the purpose of barring the original owner, or the person claiming under him, of his rights in the tract of land described.   The statute expressly requires the plaintiff in such an action to set forth in his complaint a description of the land the title to which is sought to be barred; to allege that he claims title to such land under a conveyance made by a clerk of a county board of supervisors, under the provisions of the act; and also to set forth a copy of the tax deed.   The statute further requires the plaintiff to state in the complaint the name of the former owner or owners of each tract of land described therein, or the names of the persons claiming under such owner or owners, specifying the persons claiming each separate parcel thereof, and the amount of all taxes paid by him on the several tracts of land described in the complaint, which were assessed thereon subsequent to the tax for the nonpayment of which the same were sold, the time of payment, and the amount paid on each separate parcel.   Section 37.

The action is one given by the statute, and it is insisted by the learned counsel for the appellant that the complaint should show with reasonable and sufficient certainty, without any guess or help by construction, that the plaintiff has a cause of action under it.   And it is objected that the complaint in each

case entirely fails to show that the defendant was the owner of the land at the time of the tax sale upon which the deed is founded, or that he has, or claims to have, any interest in the land derived from such former owner. We think this objection is well taken, and is fatal to the complaint. It surely does not admit of discussion, in view of the explicit language of the statute, that it was essential that these facts should be stated in the complaint. But it is said, in answer to the objection, that there is enough in the complaint, when taken in connection with the tabular statement which is annexed to and made a part of the complaint, to show that the defendant was the owner of the land at the time of sale, or had, or claimed to have, some interest therein when this suit was commenced. It is true, the complaint sets forth that the annexed tabular statement shows certain things, among which are these facts, namely: "The names of the former owners of each separate tract or parcel of land at the time of the sale of the lands aforesaid for said delinquent taxes, and the name of each and every person claiming under such former owners, so far as the plaintiff can ascertain the same; and that, as the plaintiff is informed and believes, all the defendants herein, whose names appear against each separate tract or parcel of land, have or claim some interest in such separate tract of land, and that the said defendants are the only persons who claim any interest in said land adverse to that of the plaintiff, other than as hereinafter stated." Now, upon referring to the tabular statement, we find it sets out the dates of the sales of the tract made in the years 1871, 1872, 1873, 1874, 1875, and the amount of each sale, the date of redemption, and the name of the owner at the time of such sale; but it does not show, nor does it profess to show, the name of the owner at the time of the sale in either 1869 or 1870, which were the sales upon which the tax deeds in suit were founded. The allegation in regard to the interest of the defendant in the tract of land to which the plaintiff is seeking to quiet title, is that, "as the plaintiff is informed and

believes, all the defendants herein, whose names appear against each separate tract or parcel of land, have or claim some interest in such separate tract of land, and the said defendants are the only persons who claim any interest in said lands adverse to that of the plaintiff."

Now, as the defendant is the only person whose name appears against any tract of land, and the only tract against which it so appears is the one described in the complaint, it is said this amounts to an averment that the defendant had or claimed an interest in the land when the suit was commenced. But we do not think that it is equivalent to such an averment. It is a senseless and unintelligible allegation, when considered with reference to the other facts stated. Holding, therefore, the complaint in each case fatally defective, it follows that the judgment of the circuit court in each case must be reversed, and the cause remanded for further proceedings.

*By the Court.*— So ordered.